## Case No. 9,046.

MANNING v. LOWDERMILK.

[1 Cranch, C. C. 282.] [1]

Circuit Court, District of Columbia. Dec. Term, 1805.

CONTRACTS—TO SHARE COMMISSIONS—EVIDENCE—PROOF OF RECEIPT.

Delivery of the cargo to the owners, by the supercargo, is evidence of his receipt of his commissions in an action against him by a third person, who is entitled to a share of those commissions.

Money had and received. The evidence was a verbal agreement between the plaintiff and the defendant to share the commissions on

---

[2] [From 12 Betts, D. C. MS. 5.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

the sales of a cargo in the West Indies, the plaintiff being master, and the defendant supercargo. There was no special agreement stated in the declaration; and there was no evidence that the defendant had actually received the commissions.

Mr. Key, for defendant. The plaintiff must prove money actually received by the defendant, or must give in evidence such an instrument as the law makes evidence of money had and received.

Mr. Morsell, for plaintiff. The defendant had a lien on the goods or the money for his commissions; and if he relinquished that lien without the assent of the plaintiff, he ought to be liable.

Mr. Mason, on the same side. Actual receipt of money, in numero, is not absolutely necessary. If I sell another man's horse and receive corn in payment, he may bring and support this action. If I sell the horse for cash on credit, and receive payment in corn, it lies. The receipt of the purchase-money for the flour, was a receipt of his commissions. The motion is to instruct the jury that the plaintiff cannot recover in this form of action, unless the money was actually received, or such evidence is produced as will prevent the defendant from denying the receipt of the money.

The opinion of THE COURT was, that the jury must be satisfied that the defendant received the money, but that the delivery of the inward cargo to the owners, without the consent of the plaintiff, is evidence of the defendant's receipt of his commissions, which the defendant in this case ought not to be permitted to deny.

KILTY, Chief Judge, absent.